UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 16-88 |
| SHAWANDA NEVERS | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is a Motion to Reduce Sentence Pursuant to Title 18, U.S.C. 3582(c)(1)(A) filed by Petitioner Shawanda Nevers.[1] The Government did not file a response. For the reasons that follow, the motion is **DENIED**.[2]

## BACKGROUND

On May 6, 2016, a grand jury indicted Shawanda Nevers for: 37 counts of aiding or assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2); one count of criminal contempt, in violation of 18 U.S.C. § 401(3); one count of bank fraud, in violation of 18 U.S.C. § 1344(2); and one count of forging the signature of a federal judge, in violation of 18 U.S.C. § 505.[3] A superseding indictment was later returned, adding one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.[4] On August 3, 2017, Petitioner pleaded guilty to four counts of aiding and assisting in the preparation of false tax returns (Counts 17, 23, 28, and 29).[5] In exchange for Plaintiff's agreement to plead

---

[1] R. Doc. 165.
[2] Petitioner requests "this Court grant her motion to resentence[] Ms. Nevers to time serve[d] or, at a minimum, set this matter for a hearing." R. Doc. 165 at 20. For the reasons set forth herein, Petitioner is not entitled to a reduction in her sentence. Accordingly, Petitioner's request for a hearing on this motion is **DENIED AS MOOT**.
[3] R. Doc. 3.
[4] R. Doc. 56.
[5] R. Doc. 109.

1

guilty to these four charges, the Government agreed to dismiss the remaining counts in the superseding indictment and the original indictment. On December 13, 2017, Petitioner was sentenced on Counts 17, 23, 28, and 29.[6] The Court sentenced Petitioner to 84 months, the bottom end of the U.S. Sentencing Guidelines ("USSG") range.[7] The Court also ordered that Petitioner's federal sentence run concurrently with her state sentence of 12 years.[8]

Although Petitioner waived her right to directly appeal her conviction and the right to collaterally attack her sentence under § 2255,[9] she appealed her sentence.[10] The Fifth Circuit dismissed Petitioner's appeal, holding Petitioner's "guilty plea was knowing and voluntary, and her appeal waiver is enforceable."[11] On September 26, 2019, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255,[12] which the Court denied.

On September 26, 2019, Petitioner filed the instant motion.[13] Petitioner asks the Court to "use the Compassionate Release Statute, as amended by the First Step Act, as a second look provision to reduce [Petitioner's] sentence."[14] Petitioner cites as support *United States v. Cantu*, Criminal Action No. 1:05-CR-458-1, 2019 WL 2498923 (W.D. Tex. June 17, 2019).[15] Petitioner also argues the Court has the ability to reduce her

---

[6] R. Doc. 135.
[7] *Id.* at 20.
[8] *Id.*
[9] R. Doc. 111 at 4.
[10] R. Doc. 137.
[11] *United States v. Nevers*, 755 F. App'x 426 (5th Cir. 2019).
[12] R. Doc. 161.
[13] R. Doc. 165.
[14] *Id.* at 16-17.
[15] *Id.* at 17-18.

sentence pursuant to *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. July 28, 2014).[16]

<h1 style="text-align:center">LAW AND ANALYSIS</h1>

I.      § 3582(c)(1)(A)(i)

Petitioner argues her sentence should be modified pursuant to the provisions of § 3582(c)(1)(A)(i), because "extraordinary and compelling reasons" warrant such a reduction.[17]

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[18] These limited circumstances are addressed in 18 U.S.C. § 3582(b), which provides:

> Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
>> (1) modified pursuant to the provisions of subsection (c);
>>
>> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>>
>> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.[19]

In turn, subsection (c) provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—

---

[16] *Id.* at 17.
[17] R. Doc. 165 at 19-20.
[18] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b) (brackets in original).
[19] 18 U.S.C. § 3582(b).

> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > >
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> > >
> > > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> > >
> > > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . .[20]

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow courts to modify sentences not only upon motion of the Director of the BOP but also upon "motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."[21] A court may now modify a defendant's sentence if it finds on either the motion of the

---

[20] *Id.* § 3582(c)(1).
[21] Pub. L. No. 226-391, § 603, 132 Stat. 5194, 5238–40 (2018).

4

Bureau of Prisons ("BOP") or the defendant's motion that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[22]

The Sentencing Commission's policy statement has not been amended since the First Step Act, and some of it now clearly contradicts 18 U.S.C. § 3582(c)(1)(A).[23] As a result, there is some dispute as to which, if any, policy and program statements should apply.[24] The policy statement regarding compassionate release sets forth three specific reasons that are considered "extraordinary and compelling" as well as a catchall provision recognizing as "extraordinary and compelling" any other reason "[a]s determined by the Director of the Bureau of Prisons":

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) Medical Condition of the Defendant.—
>>
>>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>>
>>> (ii) The defendant is—
>>>
>>>> (I) suffering from a serious physical or medical condition,

---

[22] 18 U.S.C. § 3582(c)(1)(A)(i).
[23] U.S. SENTENCING GUIDELINES MANUAL at § 1B1.13 cmt. n.4 ("A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)."); *United States v. Overcash*, 3:15-cr-263-FDW-l, 2019 WL 1472104, at *2 (W.D.N.C. Apr. 3, 2019) ("The Court agrees that § 1B1.13 now conflicts with § 3582 insofar as a defendant is now able to request a sentence reduction upon a defendant's own motion rather than having to rely on the BOP Director.").
[24] *See, e.g.*, *United States v. Brown*, --- F. Supp. 3d ----, 2019 WL 4942051, at *4 (S.D. Iowa Oct. 8, 2019); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

> > > (II) suffering from a serious functional or cognitive impairment, or
> >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[25]

The policy statement regarding compassionate release also requires that "the defendant is not a danger to the safety of any other person or to the community," and that the Court's determination is in line with "the factors set forth in 18 U.S.C. § 3553(a)."[26]

As previously stated, the policy statement has not been amended. Thus, although the First Step Act amended § 3582(c) to allow a defendant, not just BOP, to bring a motion that extraordinary and compelling reasons warrant a reduction in the defendant's sentence, USSG § 1B1.13 cmt. n.1(D) still only permits BOP to determine what constitutes

---

[25] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).
[26] *Id.* at § 1B1.13(2) & cmt. n.4.

"extraordinary and compelling reason[s]." In light of this conflict, some courts have held: "the only way direct motions to district courts would increase the use of compassionate release is to allow district judges to consider the vast variety of circumstances that may constitute 'extraordinary and compelling.'"[27] In *United States v. Cantu*, the Southern District of Texas held the catch-all provision contained in USSG § 1B1.13 cmt. n.1(D) "no longer describes an appropriate use of sentence-modification provisions and is thus not part of the applicable policy statement binding the Court."[28] The *Cantu* court determined the Director of the BOP is no longer the "sole determiner" of what constitutes an extraordinary and compelling reason,[29] and, instead, "when a defendant brings a motion for a sentence reduction under the amended provision, the Court can determine whether any extraordinary and compelling reasons other than those delineated in USSG § 1B1.13 cmt. n.1(A)–(C) warrant granting relief."[30] For the reasons stated below, the Court need not determine in this case whether only the BOP may determine what qualifies as "extraordinary and compelling reasons" for a sentence reduction.

---

[27] *Brown*, 2019 WL 4942051, at *3.
[28] 2019 WL 2498923 at *5. *See also Brown*, 2019 WL 4942051 at *4 ("[I]f the [First Step Act] is to increase the use of compassionate release, the most natural reading of the amended § 3582(c) and § 994(t) is that the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it. Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role. Thus, the Director's prior interpretation of 'extraordinary and compelling' reasons is informative, but not dispositive. (internal citations and quotation marks omitted)); *Fox*, 2019 WL 3046086 at *3 ("I treat the previous BOP discretion to identify other extraordinary and compelling reasons as assigned now to the courts."); *Beck*, 2019 WL 2716505 at *6 ("[C]ourts may, on motions by defendants, consider whether a sentence reduction is warranted for extraordinary and compelling reasons other than those specifically identified in the application notes to the old policy statement.").
[29] 2019 WL 2498923 at *4 ("[I]f the Director of the BOP were still the sole determiner of what constitutes an extraordinary and compelling reason, the amendment's allowance of defendants' own § 3582(c)(1)(A) motions for reduction of sentence would be to no avail. Such a reading would contravene the explicit purpose of the new amendments.").
[30] *Id.* at *5.

### A. Standing

The amended statute allows a defendant to file a motion for compassionate release upon the earlier of two dates. First, a defendant can file a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf."[31] Second, a defendant can file a motion upon "the lapse of 30 days from the receipt of [a defendant's request to bring a motion] by the warden of the defendant's facility."[32] "Courts have recognized these two options impose a mandatory requirement that a defendant submit a request to the warden of her facility before filing in court."[33] For instance, in *Cantu*, the case cited by Petitioner in support of her motion, the court found the petitioner "has standing to bring this motion because more than 30 days elapsed between [her] reduction-in-sentence request to the warden and a response."[34] In contrast, in this case, Petitioner fails to make the requisite showing that either (A) she has made any attempt to fully exhaust "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [her] behalf" or (B) she has made any such request to "the warden of [Petitioner's] facility."[35] Accordingly, Petitioner lacks standing to bring this motion.

### B. Merits

Even if Petitioner had standing to bring this motion, she has not demonstrated "extraordinary and compelling reasons" exist to reduce her sentence, as required by §

---

[31] 18 U.S.C. § 3582(c)(1)(A).
[32] *Id.*
[33] *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *2 (D. Ariz. Nov. 8, 2019) (citing *United States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (denying request because defendant did not request compassionate release from Bureau of Prisons); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019)).
[34] 2019 WL 2498923 at *3.
[35] 18 U.S.C. § 3582(c)(1)(A).

3582(c)(1)(A). Petitioner argues her sentence should be reduced to time served so that she can care for her mother.[36] According to Petitioner, her aging mother, who is responsible for taking care of Petitioner's elderly stepfather and Petitioner's disabled daughter, has heart and lung conditions.[37] Petitioner contends this constitutes an "extraordinary and compelling reason" to reduce her sentence.

Petitioner has not presented evidence that her reasons are extraordinary and compelling under the three explicitly defined reasons in the current policy statement.[38] The closest fit is a third explicitly-defined reason, which includes "[t]he death or incapacitation of the caregiver of the defendant's minor child."[39] It is not facially apparent from Petitioner's motion whether this reason is applicable, as Petitioner fails to specify her child's age in her motion. However, a review of the record quickly debunks the applicability of the third explicitly-defined reason. According to the "Personal and Family Data" section of the Presentence Investigation Report ("PSR") issued on December 6, 2017, Petitioner has two children, who were 30 and 32 at that time.[40] According to the PSR, Petitioner reported one of her children has a "learning disability."[41] As a result, the third explicitly-defined reason in the policy statement is inapplicable because Petitioner does not have any minor children.

In *Cantu*, the district court held that, although the petitioner "has not presented evidence that his reasons are extraordinary and compelling under the three explicitly defined reasons," the petitioner's case nevertheless presented such extraordinary and

---

[36] R. Doc. 165 at 19.
[37] *Id.*
[38] *See* USSG § 1B1.13 cmt. n.1(A)–(C).
[39] *Id.* at § 1B1.13 cmt. n.1(C).
[40] R. Doc. 128 at 25.
[41] *Id.*

compelling reasons to warrant a reduction under § 3582(c)(1)(A)(i).[42] Recognizing that "[v]ery little guidance exists on what constitutes extraordinary and compelling reasons warranting a sentence reduction under USSG § 1B1.13 cmt. n.1(D)," the court relied on Black's Law Dictionary to define "extraordinary" as "[b]eyond what is usual, customary, regular, or common," and "compelling" as "so great that irreparable harm or injustice would result if [the relief] is not [granted]."[43] Applying these definitions, the court held:

> Here, [the petitioner] has shown extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A). Because of the First Step Act of 2018, the Government does not oppose him spending the rest of his term of imprisonment in home confinement. For the Government to advocate that the Court issue an order that would cause BOP to release the Defendant, is beyond what is usual, customary, regular, or common. And given the Government's position, irreparable harm and injustice would result if the Court failed to craft such an order.[44]

The *Cantu* court cautioned its "determination in this case is narrow and unlikely to have far-reaching implications, as Government non-opposition is both the touchstone of the determination and rare."[45]

The Court need not decide whether it agrees with the *Cantu* court's determination that the courts, not the Director of the BOP, may determine what constitutes "extraordinary and compelling" reasons under USSG § 1B1.13 cmt. n.1(D).[46] Even under the *Cantu* court's more expansive reading of USSG § 1B1.13 cmt. n.1(D), this Court find Petitioner's proffered reasons do not qualify as "extraordinary and compelling." This is not one of the "narrow" cases in which the Government has advocated that the Court issue

---

[42] 2019 WL 2498923 at *3-6.
[43] *Id.* at *5 (quoting *Extraordinary*, BLACK'S LAW DICTIONARY (10th ed. 2014) and *Compelling Need*, BLACK'S LAW DICTIONARY (10th ed. 2014)).
[44] *Id.* (internal quotation marks and citation omitted).
[45] *Id.*
[46] Several other district courts have declined to adopt the *Cantu* court's reasoning or result. *See, e.g.*, *United States v. Lynn*, Criminal No. 89-0072-WS, 2019 WL 3805349 (S.D. Ala. Aug. 13, 2019).

an order causing BOP to release Petitioner. Rather, the Government has filed no response to Petitioner's motion, even though the motion has been pending for over two months.

Few district courts have expanded beyond *Cantu* to find "extraordinary and compelling" reasons to reduce a petitioner's sentence, even when the Government does not "advocate that the Court issue an order that would cause BOP to release the Defendant."[47] One such case, *United States v. Bucci*, is particularly instructive.[48] In that case, the petitioner argued the fact that he was the "only available caregiver . . . for an ailing, close member of his family: his mother," was an "extraordinary and compelling reason" to reduce his sentence.[49] The District of Massachusetts agreed, holding:

> While surely many inmates share the plight of having an incapacitated spouse or partner at home, the Sentencing Commission has made clear that courts ought consider that circumstance an 'extraordinary and compelling reason' for compassionate release only when the defendant is the "only available caregiver" for him or her. U.S.S.G. § 1B1.13 n.1(C)(ii). When a defendant is the "only available caregiver" for an incapacitated parent (perhaps a more unique occurrence given that inmates may have siblings or other family members able to care for their parents), then, it is likewise an "extraordinary and compelling" reason warranting compassionate release.[50]

The *Bucci* court acknowledged that in another case, *United States v. Ingram*, the Southern District of Ohio denied compassionate release to defendant to care for his ill mother because "[m]any, if not all inmates, have aging and sick parents."[51] The *Bucci* court emphasized that in the *Bucci* case, the petitioner's "role as the *only* potential caregiver for his ailing mother" was an "extraordinary and compelling reason" for compassionate release.[52]

---

[47] *See, e.g.*, *Beck*, 2019 WL 2716505.
[48] --- F. Supp. 3d ---, Criminal Action No. 04-10194-WGY, 2019 WL 5075964 (D. Mass. Sept. 16, 2019).
[49] *Id.* at *2.
[50] *Id.*
[51] *Id.* (citing *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2, 2019 LEXIS 118304, at *4-5 (S.D. Ohio July 16, 2019)).
[52] *Id.* (emphasis added).

Unlike *Bucci*, in this case, there is no indication Petitioner is the only potential caregiver for her mother. Rather, the PSR indicates Petitioner has multiple other family members who are potential caregivers.[53] Moreover, the PSR indicates Petitioner's mother was elderly and had ailing health before she was sentenced. Thus, there has been no new change in circumstances that might now warrant Petitioner's early release.

Accordingly, Petitioner is not entitled to relief under § 3582(c)(1)(A)(i).

## II. The "Holloway Doctrine"

Petitioner also argues she is entitled to a reduction of her sentence pursuant to *United States v. Holloway*, a district court decision in the Eastern District of New York from which the so-called "Holloway Doctrine" derives.[54]

In *Holloway*, a defendant, whose conviction was affirmed and subsequent motion for habeas corpus relief under 28 U.S.C. § 2255 was denied, filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure to reopen his § 2255 proceeding.[55] In response, the Eastern District of New York district court judge issued an order stating: "I respectfully request that the United States Attorney consider exercising her discretion to agree to an order vacating two or more of [the defendant's] 18 U.S.C. § 924(c) convictions."[56] The Assistant United States Attorney ["AUSA"] declined to do so.[57] The district judge again "asked the United States Attorney to reconsider exercising her discretion to agree to an order vacating two or more of [the defendant's] § 924(c) convictions so he could face a more just resentencing."[58] In a subsequent court

---

[53] *See* R. Doc. 128 at 25.
[54] R. Doc. 165 at 17.
[55] 68 F. Supp. 3d at 312-14.
[56] *Id.* at 314.
[57] *Id.*
[58] *Id.*

appearance, the AUSA agreed "to withdraw our opposition to the pending Rule 60(b) motion, and also to state on the record that we wouldn't oppose the granting of the underlying 2255 motion for the purpose of vesting the court with authority to vacate two of the 924(c) convictions, and to proceed to resentence."[59] The AUSA made clear that her actions were made "without taking a position on the merits of either the Rule 60 motion or the habeas petition" and further "that the United States Attorney's position in this case shouldn't be interpreted as reflecting a broader view of Section 924(c) generally or its application to other cases."[60] The district court itself acknowledged the modification of the defendant's sentence was a product of the prosecutor's discretion, and not any inherent authority of the court:

> The use of this [prosecutorial] power poses no threat to the rule of finality, which serves important purposes in our system of justice. There are no floodgates to worry about; the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly.[61]

The Fifth Circuit has clearly held: "*Holloway* is not binding on this court[.]"[62] This Court has likewise declined to find that *Holloway* is "binding, persuasive, [or] doctrinal." [63] Other district courts in this circuit have also rejected the notion that *Holloway* is binding in this Circuit, or that it is a legal "doctrine" at all. For instance, in *United States v. McBride*, the Eastern District of Texas denied a defendant's motion to reduce his sentence under the "Holloway Doctrine," explaining: "[t]he *Holloway* case does not present a specific doctrine but only an example of leniency previously granted."[64]

---

[59] *Id.* at 315.
[60] *Id.* at 316.
[61] *Id.* ("the government's agreement . . . has authorized me to give Holloway back more than 30 years of his life.").
[62] *United States v. Frank*, 738 F. App'x 330, 331 (5th Cir. 2018).
[63] *United States v. Thomas*, Criminal Action No. 12-266, 2019 WL 4257245, at *3 (E.D. La. Sept. 9, 2019).
[64] Case no. 1:96-CR-101(1)(RC/ZJH), 2016 WL 11372247, at *2 (E.D. Tex. Mar. 4, 2016).

In *United States v. Green*, the Western District of Louisiana denied a similar motion, holding: "[a]s a decision from the Eastern District New York, *Holloway* has no binding effect on this court. Furthermore, that decision 'did not conclude or even suggest that [the court has] unilateral discretion to reduce the defendant's sentence.'"[65] "'Rather, it was the Government's decision to not oppose Holloway's motion . . . that permitted the [c]ourt to address the perceived injustice.'"[66] Further, in *United States v. Terrell*, the Middle District of Louisiana, in denying a similar motion, explained:

> '[I]nsofar as Petitioner suggests that the 'Holloway doctrine' grants courts broad residual power to reduce a sentence, neither the United States Supreme Court nor the United States Court of Appeals for the Fifth Circuit have ascribed to such a conclusion . . . Thus, . . . *Holloway* is neither binding nor persuasive, or for that matter, particularly instructive. Certainly, it was not intended to be doctrinal.'[67]

As the district court itself recognized in *Holloway*, "the authority exercised" in *Holloway* to reduce a defendant's final sentence was a decision by the prosecutor not to oppose the defendant's motion.[68] In this case, the Government has not made clear whether it opposes Petitioner's motion, as the Government did not express its intent not to oppose Petitioner's motion. *Holloway* is neither binding, persuasive, doctrinal, nor particularly instructive in this matter.

Petitioner has failed to identify any applicable statutory authority for a sentence reduction, and this Court lacks jurisdiction to modify Petitioner's sentence under 18 U.S.C. § 3582(b). Accordingly, Petitioner is not entitled to the relief she seeks.

---

[65] Case no. 2:04-cr-20152, 2017 WL 6395818, at *2 (W.D. La. Oct. 11, 2017) (quoting *United States v. Ledezma-Rodriguez*, 2017 WL 1368983, *2 (S.D. Iowa Apr. 10, 2017)).
[66] *Id.* at *2 n.3 (quoting *United States v. Robinson*, 2017 WL 3434289, *4 (D. Md. Aug. 9, 2017) (brackets and ellipses in original)).
[67] Criminal Action no. 14-50-SDD-RLB, 2017 WL 4176231, at *2 (M.D. La. Sept. 21, 2017) (quoting *Setser v. United States*, No. 17-cv-0970-M-BK, 2017 WL 2817429 at *2 (N.D. Tex. June 10, 2017)).
[68] *Holloway*, 68 F. Supp. 3d at 316.

## CONCLUSION

Defendant's Motion to Reduce Sentence Pursuant to title 18, U.S.C. 3582(c)(1)(A)[69] is **DENIED**.

**New Orleans, Louisiana, this 27th day of December, 2019.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[69] R. Doc. 165.