UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-088 |
| SHAWANDA NEVERS | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is an Emergency Motion for Expedited Relief for Reduction in Sentence or Immediate Release filed by Petitioner Shawanda Nevers.[1] Petitioner seeks relief under 18 U.S.C. § 3582(c)(1)(A)(i), asking the Court to either reduce her sentence to time served or place her in home confinement, based on concerns arising from the COVID-19 pandemic.[2] For the reasons that follow, Petitioner's request for immediate release or placement on home confinement is **DENIED**.

## BACKGROUND

On May 6, 2016, a grand jury indicted Shawanda Nevers for: 37 counts of aiding or assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2); one count of criminal contempt, in violation of 18 U.S.C. § 401(3); one count of bank fraud, in violation of 18 U.S.C. § 1344(2); and one count of forging the signature of a federal judge, in violation of 18 U.S.C. § 505.[3] A superseding indictment was later returned, adding one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and one count

---

[1] R. Doc. 180. The Government filed an opposition. R. Doc. 182. After the Government filed its opposition, Petitioner filed another Emergency Motion for Compassionate Release and Motion for Reduction in Sentence, seeking relief under 18 U.S.C. § 3582(c)(1)(A)(i), asking the Court to either reduce her sentence to time served or place her in home confinement, based on concerns arising from the COVID-19 pandemic. R. Doc. 183. Petitioner also filed a "Request for Medical Records," asking the Court to issue an order for the release of medical records, apparently to prove she has asthma and therefore has health concerns related to the COVID-19 pandemic. R. Doc. 184.
[2] R. Doc. 180 at 8.
[3] R. Doc. 3.

1

of aggravated identity theft, in violation of 18 U.S.C. § 1028A.[4] On August 3, 2017, Petitioner pleaded guilty to four counts of aiding and assisting in the preparation of false tax returns (Counts 17, 23, 28, and 29).[5] In exchange for Plaintiff's agreement to plead guilty to these four charges, the Government agreed to dismiss the remaining counts in the superseding indictment and the original indictment. On December 13, 2017, Petitioner was sentenced on Counts 17, 23, 28, and 29.[6] The Court sentenced Petitioner to 84 months, the bottom end of the U.S. Sentencing Guidelines ("USSG") range.[7] The Court also ordered that Petitioner's federal sentence run concurrently with her state sentence of 12 years.[8]

Petitioner has filed two motions seeking immediate release or home confinement under 18 U.S.C. § 3582(c)(1)(A)(i).[9] In each motion, she argues general health concerns in the facility in which she is incarcerated constitute "extraordinary circumstances" entitle her to immediate release or home confinement under 18 U.S.C. § 3582(c)(1)(A)(i).[10]

## LAW AND ANALYSIS

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[11] Finality is an important attribute of criminal judgments, and one "essential to the operation of our criminal justice system."[12] Consistent with the principle

---

[4] R. Doc. 56.
[5] R. Doc. 109.
[6] R. Doc. 135.
[7] *Id.* at 20.
[8] *Id.*
[9] R. Docs. 180 and 183.
[10] *Id.* Petitioner argues she is susceptible to COVID-19 because she has asthma. After filing her motions for relief under § 3582(c)(1)(A)(i), Petitioner filed a "Request for Medical Records," asking the Court to issue an order for the release of medical records, apparently to prove she has asthma. R. Doc. 184.
[11] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b) (brackets in original).
[12] *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion).

of finality, 18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[13] As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."[14] However, courts may only consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons if the exhaustion requirements of § 3582(c)(1)(A) are met. Specifically, § 3582(c)(1)(A) mandates courts may only consider such motions "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[15] With respect to the option for the motion to be brought by the defendant, "[c]ourts have recognized [this option] impose[s] a mandatory requirement that a defendant submit a request to the warden of her facility before filing in court."[16] Section 3582(c)(1)(A)'s exhaustion requirement is mandatory and does not enumerate any exceptions.[17]

In this case, the Bureau of Prisons has not filed a motion to reduce Petitioner's sentence. As a result, the Court can only consider Petitioner's instant motion seeking immediate release or home confinement if either (A) "the defendant has fully exhausted

---

[13] 18 U.S.C. § 3582(c).
[14] *Id.* § 3582(c)(1)(A).
[15] *Id.*
[16] *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *2 (D. Ariz. Nov. 8, 2019) (citing *United States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (denying request because defendant did not request compassionate release from Bureau of Prisons); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019)).
[17] *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).

all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (B) "30 days [have lapsed] from the receipt of [a defendant's request to bring a motion] by the warden of the defendant's facility."[18] Petitioner fails to make the requisite showing that either (A) she has made any attempt to fully exhaust "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [her] behalf" or (B) she has made any such request to "the warden of [Petitioner's] facility."[19] Because the Court cannot consider Petitioner's request for instant release or home confinement until she has complied with the exhaustion requirements of § 3582(c)(1)(A), the Court must deny the instant motion for failure to comply with the mandatory exhaustion requirements under § 3582(c)(1)(A). Accordingly;

## CONCLUSION

Defendant's Emergency Motion for Expedited Relief for Reduction in Sentence or Immediate Release[20] and Defendant's Emergency Motion for Compassionate Release and Motion for Reduction in Sentence[21] are **DENIED**. Accordingly, Petitioner's Request for Medical Records[22] is **DENIED AS MOOT**.

**New Orleans, Louisiana, this 24th day of April, 2020.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[18] 18 U.S.C. § 3582(c)(1)(A).
[19] 18 U.S.C. § 3582(c)(1)(A).
[20] R. Doc. 180.
[21] R. Doc. 183.
[22] R. Doc. 184.