UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-088 |
| SHAWANDA NEVERS | SECTION: "E" (1) |

### ORDER AND REASONS

Before the Court is a Motion for Leave to Appeal in Forma Pauperis filed by Petitioner Shawanda Nevers on May 11, 2020.[1] Because Petitioner's appeal is not taken in good faith and Petitioner has sufficient funds to cover the appellate fee costs, the motion is **DENIED**.

### BACKGROUND

On May 6, 2016, a grand jury indicted Shawanda Nevers for: 37 counts of aiding or assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2); one count of criminal contempt, in violation of 18 U.S.C. § 401(3); one count of bank fraud, in violation of 18 U.S.C. § 1344(2); and one count of forging the signature of a federal judge, in violation of 18 U.S.C. § 505.[2] A superseding indictment was later returned, adding one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.[3] On August 3, 2017, Petitioner pleaded guilty to four counts of aiding and assisting in the preparation of false

---

[1] R. Doc. 189. Petitioner originally filed a Motion for Leave to Appeal in Forma Pauperis on January 23, 2020. R. Doc. 175. The Clerk's Office issued a Notice of Deficiency providing that Petitioner's motion was not made using the proper application form and requiring Petitioner to file a deficiency remedy by February 13, 2020. R. Doc. 176. On March 5, 2020, Petitioner filed a notice of a new mailing address and requested an extension of time to file the deficiency remedy. R. Doc. 178. On March 10, 2020, the Court granted Petitioner's request for an extension of time and ordered Petitioner to file her deficiency remedy by May 11, 2020. R. Doc. 179.
[2] R. Doc. 3.
[3] R. Doc. 56.

tax returns (Counts 17, 23, 28, and 29).[4] In exchange for Plaintiff's agreement to plead guilty to these four charges, the Government agreed to dismiss the remaining counts in the superseding indictment and the original indictment. In her plea agreement, Petitioner waived her right to directly appeal her conviction and the right to collaterally attack her sentence under 28 U.S.C. § 2255, except with regard to ineffective assistance of counsel claims.[5] On December 13, 2017, Petitioner was sentenced on Counts 17, 23, 28, and 29.[6] The Court sentenced Petitioner to 84 months, the bottom end of the U.S. Sentencing Guidelines ("USSG") range.[7] The Court also ordered that Petitioner's federal sentence run concurrently with her state sentence of 12 years.[8] Petitioner appealed her sentence.[9] The Fifth Circuit dismissed Petitioner's appeal, holding Petitioner's "guilty plea was knowing and voluntary, and her appeal waiver is enforceable."[10]

On September 23, 2019, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, bringing ineffective assistance of counsel claims as well as other claims related to her re-arraignment and sentencing.[11] On December 27, 2019, the Court denied this motion.[12] With respect to Petitioner's claims related to her re-arraignment and sentencing, the Court explained Petitioner "waived these claims in her plea agreement and at her re-arraignment,"[13] and, further, these claims were procedurally barred.[14] With respect to Petitioner's ineffective assistance of counsel claims, the Court explained the

---

[4] R. Doc. 109.
[5] R. Doc. 111 at 4.
[6] R. Doc. 135.
[7] *Id.* at 20.
[8] *Id.*
[9] R. Doc. 137.
[10] *United States v. Nevers*, 755 F. App'x 426 (5th Cir. 2019).
[11] R. Doc. 161.
[12] R. Doc. 170.
[13] *Id.* at 13.
[14] *Id.* at 20-21.

2

record thoroughly contradicted Petitioner's contentions that her counsel acted unreasonably and, further, Petitioner could not establish that she was prejudiced by her counsel's performance.[15]

On September 26, 2019, Petitioner filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i),[16] arguing that her sentence should be reduced so that she could care for her mother.[17] On December 27, 2019, the Court denied this motion for failure to comply with the mandatory exhaustion requirements of § 3582(c)(1)(A).[18] Further, as the Court explained, even if Petitioner had complied with the mandatory exhaustion requirements, she did not point to any "extraordinary and compelling reasons" warranting a reduction in her sentence pursuant to § 3582(c)(1)(A)(i).[19]

On January 6, 2020, Petitioner filed a Notice of Appeal, providing only that she was appealing "the Court's Order and Reason entered December 27, 2019."[20] Because the Court issued two Order and Reasons on December 27, 2019, the Clerk of Court docketed Petitioner's appeal as an appeal of both the Order and Reasons denying Petitioner's § 2255 Motion[21] and the Order and Reasons denying Petitioner's § 3582(c)(1)(A)(i) motion.[22] Petitioner provided no explanation as to her basis for appealing either Order and Reasons.[23] Petitioner subsequently filed the instant Motion for Leave to Appeal in Forma Pauperis.[24]

---

[15] *Id.* at 21-35.
[16] R. Doc. 165.
[17] *Id.* at 19.
[18] R. Doc. 169 at 8.
[19] *Id.* at 8-12.
[20] R. Doc. 172.
[21] R. Doc. 170.
[22] R. Doc. 169.
[23] *See* R. Doc. 172. Petitioner likewise did not provide any explanation as to the bases for her appeal in her Motion for Leave to Appeal in Forma Pauperis. *See* R. Doc. 189.
[24] R. Doc. 189.

3

**LAW AND ANALYSIS**

A plaintiff may proceed with an appeal in forma pauperis when he "submits an affidavit that includes a statement . . . that [she] is unable to pay such fees or give security therefor."[25] A district court has discretion in deciding whether to grant or deny a request to proceed in forma pauperis.[26] In reviewing a motion to proceed in forma pauperis, a district court must inquire as to whether the costs of appeal would cause an undue financial hardship.[27] The certified statement of account included in Petitioner's Motion for Leave to Appeal in Forma Pauperis reflects she has $820.16 in her prison account.[28] These funds are sufficient to cover the appellate fee cost of $505. Petitioner has provided no argument that the funds she would be left with after paying the appellate fee would result in an undue financial hardship.[29]

Even if the cost of appeal would cause an undue financial hardship, a district court may nevertheless deny the appeal if the court finds it is not taken in good faith.[30] Objective "[g]ood faith is demonstrated when a party seeks appellate review of any issue not frivolous."[31] Whereas a litigant is permitted to proceed on appeal in forma pauperis with

---

[25] 28 U.S.C. § 1915(a)(1).
[26] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982).
[27] *Prows*, 842 F.2d at 140.
[28] R. Doc. 189 at 2.
[29] In her original deficient Motion for Leave to Appeal in Forma Pauperis, Petitioner provides only that she is "unable to pay the cost of these proceedings." R. Doc. 175 at 1. The application Petitioner filled out to submit her current Motion for Leave to Appeal in Forma Pauperis contains only a generic statement that the individual filling out the application declares she is "unable to pay the cost of these proceedings." R. Doc. 189 at 1.
[30] 28 U.S.C. § 1915(a)(3); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Moore v. Cain*, Criminal Action No. 14–1209, 2014 WL 7139474, at *1 (E.D. La. Dec. 15, 2014) ("Although [Petitioner's] motion to proceed in forma pauperis suggests his inability to pay fees related to his appeal, the Court denies his motion because his appeal is not taken in good faith.").
[31] *Howard*, 707 F.2d at 220 (quotation marks and citation omitted).

a claim that "ha[s] arguable merit,"[32] "[a] complaint is frivolous if it lacks an arguable basis either in law or in fact."[33]

In this case, Petitioner did not provide any explanation in her notice of appeal as to the basis for her appeal.[34] For the reasons explained in the Court's Order and Reasons denying Petitioner's § 2255 Motion[35] and the Order and Reasons denying Petitioner's § 3582(c)(1)(A)(i) motion,[36] none of Petitioner's claims have any merit. With respect to Petitioner's § 3582(c)(1)(A)(i) motion, the Court explained in its Order and Reasons that, even if Petitioner had complied with the mandatory exhaustion requirements of § 3582(c)(1)(A), her alleged "extraordinary and compelling reason" for a reduction in her sentence was meritless.[37] With respect to Petitioner's claims raised in her § 2255, the Fifth Circuit previously dismissed Petitioner's direct appeal and thus "[a]lmost all of movant's claims [raised in her 2255 motion] were either foreclosed by the Fifth Circuit's adverse ruling on the same complaints in the course of movant's direct appeal or procedurally defaulted by virtue of movant's failure to raise the same claims on direct appeal."[38] Further, Petitioner's "ineffective assistance claims were [] thoroughly refuted by the record."[39] Petitioner "is not entitled to pursue federal appellate review of this Court's rejection of frivolous Section 2255 claims which either (1) the Fifth Circuit has already rejected on the merits in the course of movant's direct appeal or (2) movant could and

---

[32] *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988).
[33] *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003).
[34] *See* R. Doc. 172.
[35] R. Doc. 170.
[36] R. Doc. 169.
[37] *Id.* at 9.
[38] *See Zavala v. United States*, Civil Action No. SA-08-CA-234-OG, Criminal Action No. SA-04-CR-425(2)-OG, 2010 WL 11613938, at *1 (W.D. Tex. Dec. 6, 2010) (denying motion to appeal in forma pauperis because appeal was not taken in good faith).
[39] *See id.*

should have included in [her] direct appeal."[40] For these reasons, the Court holds Petitioner's appeal is not taken in good faith.[41]

Furthermore, as discussed above, Petitioner has sufficient funds to cover the appellate fee costs and she has not shown an undue financial burden will result from paying these costs. As a result, the Court also denies Petitioner's Motion for Leave to Appeal in Forma Pauperis for this reason.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Petitioner's Motion for Leave to Appeal in Forma Pauperis[42] is **DENIED**.

New Orleans, Louisiana, this 15th day of May, 2020.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[40] *Id.*
[41] On April 13, 2020 and on April 23, 2020, Petitioner filed a Motion for Reduction in Sentence or Immediate Release and a Motion for Compassionate Release, respectively. R. Docs. 180 and 183. Petitioner's motions were premised on her contention that she has asthma and is therefore susceptible to COVID-19. *Id.* On April 24, 2020 Court denied these motions for failure to comply with the mandatory exhaustion requirements of § 3582(c)(1)(A). R. Doc. 185. On May 4, 2020, Petitioner filed a Motion for Reconsideration of the Court's April 24, 2020 Order and Reasons, R. Doc. 186, as well as a new Motion for Compassionate Release, R. Doc. 187. Both of Petitioner's motions filed on May 4, 2020 remain pending before the Court. The Government has been ordered to file a response to both motions no later than May 19, 2020. R. Doc. 188.
[42] R. Doc. 189.