UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-88 |
| SHAWANDA NEVERS | SECTION: "E" (1) |

### ORDER AND REASONS

Before the Court is a Motion for Reconsideration[1] of the Court's April 24, 2020 Order and Reasons,[2] as well as an Emergency Motion for Compassionate Release and Motion for Reduction in Sentence,[3] both filed by Petitioner Shawanda Nevers.[4] Petitioner asks the Court to either reduce her sentence to time served or place her in home confinement, based on concerns arising from the COVID-19 pandemic.

### BACKGROUND

On May 6, 2016, a grand jury indicted Shawanda Nevers for: 37 counts of aiding or assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2); one count of criminal contempt, in violation of 18 U.S.C. § 401(3); one count of bank fraud, in violation of 18 U.S.C. § 1344(2); and one count of forging the signature of a federal judge, in violation of 18 U.S.C. § 505.[5] A superseding indictment was later returned, adding one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.[6] On August 3, 2017, Petitioner pleaded guilty to four counts of aiding and assisting in the preparation of false

---

[1] R. Doc. 186.
[2] R. Doc. 185.
[3] R. Doc. 187.
[4] The Government filed an omnibus opposition to both the Motion for Reconsideration and the Emergency Motion for Compassionate Release and Motion for Reduction in Sentence. R. Doc. 193.
[5] R. Doc. 3.
[6] R. Doc. 56.

1

tax returns (Counts 17, 23, 28, and 29).[7] In exchange for Plaintiff's agreement to plead guilty to these four charges, the Government agreed to dismiss the remaining counts in the superseding indictment and the original indictment. On December 13, 2017, Petitioner was sentenced on Counts 17, 23, 28, and 29.[8] The Court sentenced Petitioner to 84 months, the bottom end of the U.S. Sentencing Guidelines ("USSG") range.[9] The Court also ordered that Petitioner's federal sentence run concurrently with her state sentence of 12 years.[10]

On September 26, 2019, prior to the COVID-19 pandemic, Petitioner filed a Motion to Reduce Sentence,[11] seeking a reduction in her sentence to time served under 18 U.S.C. § 3582(c)(1)(A) so that she could care of her aging mother, who, according to Petitioner, is responsible for her elderly stepfather and disabled daughter.[12] On December 27, 2019, the Court denied this motion due to Petitioner's failure to comply with the mandatory exhaustion requirements of § 3582(c)(1)(A).[13] The Court further held that, even if Petitioner had met the exhaustion requirements, Petitioner failed to demonstrate "extraordinary and compelling" circumstances warranting compassionate release under § 3582(c)(1)(A(i). With respect to Petitioner's parents, the Court explained:

> [T]here is no indication Petitioner is the only potential caregiver for her mother. Rather, the PSR indicates Petitioner has multiple other family members who are potential caregivers. Moreover, the PSR indicates Petitioner's mother was elderly and had ailing health before she was

---

[7] R. Doc. 109.
[8] R. Doc. 135.
[9] *Id.* at 20.
[10] *Id.*
[11] R. Doc. 165
[12] *Id.* at 19-20.
[13] R. Doc. 169. Petitioner has filed a Notice of Appeal with respect to this Order and Reasons as well as another Order and Reasons issued on December 27, 2020, denying Petitioner's motion to vacate her sentence under 28 U.S.C. § 2255. R. Doc. 172.

2

sentenced. Thus, there has been no new change in circumstances that might now warrant Petitioner's early release.[14]

With respect to Petitioner's request for release to care for her daughter, the Court held:

> Petitioner has not presented evidence that her reasons are extraordinary and compelling . . . [due to the recognized reason of] the death or incapacitation of the caregiver of the defendant's minor child . . ., as Petitioner fails to specify her child's age in her motion. However, a review of the record quickly debunks the applicability of the third explicitly-defined reason. According to the "Personal and Family Data" section of the Presentence Investigation Report ("PSR") issued on December 6, 2017, Petitioner has two children, who were 30 and 32 at that time. According to the PSR, Petitioner reported one of her children has a "learning disability." As a result . . . Petitioner does not have any minor children.[15]

Petitioner subsequently filed two motions seeking immediate release or home confinement under 18 U.S.C. § 3582(c)(1)(A)(i), on April 13, 2020 and April 23, 2020, respectively.[16] Prior to filing these motions, Petitioner submitted an e-mail dated March 29, 2020 to the warden of the institution in which she is incarcerated, the Federal Correctional Institution in Aliceville, Alabama, requesting her compassionate release.[17] In each motion filed before the Court, Petitioner argued "extraordinary circumstances" entitle her to immediate release or home confinement under 18 U.S.C. § 3582(c)(1)(A)(i) because she has asthma and is therefore vulnerable to contracting COVID-19.[18] On April 24, 2020, the Court denied Petitioner's motion for failure to comply with the mandatory exhaustion requirements of § 3582(c)(1)(A), under which a defendant may only bring a

---

[14] R. Doc. 169 at 11 (internal footnotes omitted) (contrasting Petitioner's case with *United States v. Bucci*, Criminal Action No. 04-10194-WGY, 2019 WL 5075964 (D. Mass. Sept. 16, 2019), in which the district court found "'extraordinary and compelling reason' for compassionate release" because the defendant was the "only available caregiver" for "an incapacitated parent," and noting this situation is "perhaps a more unique occurrence given that inmates may have siblings or other family members able to care for their parents.").
[15] *Id.* at 9 (internal footnotes, quotation marks, and brackets omitted).
[16] R. Docs. 180 and 183.
[17] R. Doc. 183-1 at 1. In its opposition to the instant motions, the Government confirms that, "[a]ccording to a representative from the Bureau of Prisons, Defendant submitted an email dated March 29, 2020 to the warden at Aliceville FCI requesting her compassionate release." R. Doc. 193 at 3. According to the Government, "[t]hat request is currently pending with BOP." *Id.*
[18] R. Docs. 180 and 183.

motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[19] At the time Petitioner filed these two motions, and as of the date the Court issued its April 24, 2020 Order and Reasons, thirty days had not lapsed from the date the warden of Petitioner's facility received her request, March 29, 2020.

On May 4, 2020, Petitioner filed the two motions now pending before the Court.[20] In her Motion for Reconsideration, Petitioner asks the Court to reconsider its April 24, 2020 Order and Reasons denying her previous requests for compassionate release because Petitioner "has exhausted her administrative remedy procedure."[21] In her Emergency Motion for Compassionate Release and Motion for Reduction in Sentence, Petitioner asks the Court, pursuant to § 3582(c)(1)(A)(i), to reduce her sentence to time-served because she has Petitioner is an "asthma patient that is most susceptible to die [from COVID-19]."[22] Petitioner further argues she is entitled to a reduction in her sentence so she can "go and take care of her aging mother, and elderly step father and disabled daughter."[23] Petitioner alternatively seeks release to home confinement, arguing she can be released to home confinement under either 18 U.S.C. § 3624(c),[24] 18 U.S.C. § 3622,[25] and § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").[26]

---

[19] 18 U.S.C. § 3582(c)(1)(A).
[20] R. Docs. 186 and 187.
[21] R. Doc. 186 at 1.
[22] R. Doc. 187 at 7.
[23] *Id.* at 13.
[24] *Id.* at 7.
[25] *Id.* at 11.
[26] *Id.* at 21.

4

The Government provides that, "[o]n May 19, 2020, [the Bureau of Prisons ("BOP")] informed the undersigned that Defendant is being referred to home confinement."[27] Petitioner will be transferred to home confinement "for the duration of her term."[28] On May 27, 2020, the Assistant United States Attorney ("AUSA") assigned to this case informed the Court Petitioner's Case Manager has requested Petitioner be transferred to home confinement on June 29, 2020, to allow for sufficient time for processing and to comply with the fourteen-day quarantine requirement prior to Petitioner's transfer to home confinement, pursuant to current BOP guidelines.

## LAW AND ANALYSIS

**I.    Petitioner's Request for a Reduction in Her Sentence is Denied**

    **A.    Petitioner had not met the mandatory exhaustion requirements of § 3582(c)(1)(A) when she filed her motions for compassionate release in April 2020, but she has now satisfied the requirements.**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[29] Finality is an important attribute of criminal judgments, and one "essential to the operation of our criminal justice system."[30] Consistent with the principle of finality, 18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[31] As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."[32] However, courts may

---

[27] R. Doc. 193 at 1.
[28] *Id*. at 7.
[29] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b) (brackets in original).
[30] *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion).
[31] 18 U.S.C. § 3582(c).
[32] *Id*. § 3582(c)(1)(A).

5

only consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons if the exhaustion requirements of § 3582(c)(1)(A) are met. Specifically, § 3582(c)(1)(A) mandates courts may only consider such motions "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[33] With respect to the option for the motion to be brought by the defendant, "[c]ourts have recognized [this option] impose[s] a mandatory requirement that a defendant submit a request to the warden of her facility before filing in court."[34] Section 3582(c)(1)(A)'s exhaustion requirement is mandatory and does not enumerate any exceptions.[35]

In this case, Petitioner submitted an e-mail dated March 29, 2020 to the warden of the institution in which she is incarcerated, the Federal Correctional Institution in Aliceville, Alabama, requesting her compassionate release.[36] According to the Government, "[t]hat request is currently pending with BOP."[37] As a result, as of the time Petitioner filed her previous motions for compassionate release on April 13, 2020 and April 23, 2020, respectively,[38] thirty days had not lapsed since Petitioner sent her request

---

[33] *Id.*
[34] *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *2 (D. Ariz. Nov. 8, 2019) (citing *United States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (denying request because defendant did not request compassionate release from Bureau of Prisons); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019)).
[35] *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).
[36] R. Doc. 183-1 at 1. In its opposition to the instant motions, the Government confirms that, "[a]ccording to a representative from the Bureau of Prisons, Defendant submitted an email dated March 29, 2020 to the warden at Aliceville FCI requesting her compassionate release." R. Doc. 193 at 3.
[37] R. Doc. 193 at 3.
[38] R. Docs. 180 and 183.

to the warden on March 29, 2020.<sup>39</sup> Accordingly, the Court declines to reconsider the holding it reached on April 24, 2020, denying Petitioner's motions for failure to exhaust her administrative remedies, as Petitioner requests in her Motion for Reconsideration.<sup>40</sup> However, because thirty days have lapsed between the time Petitioner sent her request to the warden on March 29, 2020 and the time she filed her new Emergency Motion for Compassionate Release and Motion for Reduction in Sentence on May 4, 2020, the Court finds Petitioner has now satisfied the mandatory exhaustion requirements of § 3582(c)(1)(A), and the Court will proceed to address the merits of Petitioner's request for a reduction in her sentence.<sup>41</sup>

> **B. Petitioner's request for a reduction in her sentence is denied on the merits because she has not established "extraordinary and compelling" reasons warranting the relief requested.**

Pursuant to § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." <sup>42</sup> The Sentencing Commission's policy statement regarding compassionate release sets forth three specific reasons that are considered "extraordinary and compelling" as well as a catchall provision for other reasons constitution "extraordinary and compelling" reasons:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

---

<sup>39</sup> Likewise, thirty days had not lapsed from the date Petitioner sent her request to the warden as of the date the Court issued its Order and Reasons denying Petitioner's previous motions, on April 24, 2020. R. Doc. 185.
<sup>40</sup> As a result, Petitioner's Motion for Reconsideration, R. Doc. 186, will be denied.
<sup>41</sup> The Government agrees with this conclusion, providing: "[t]hirty days have [now] lapsed since March 29, 2020; thus this Court has jurisdiction to review Defendant's motions on the merits." R. Doc. 193 at 3-4.
<sup>42</sup> 18 U.S.C. § 3582(c)(1)(A)(i).

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[43]

---

[43] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018). The Court notes this policy statement has not been amended since the First Step Act, and some of it now clearly contradicts 18 U.S.C. § 3582(c)(1)(A); although the First Step Act amended § 3582(c) to allow a defendant,

The policy statement regarding compassionate release also requires that "the defendant is not a danger to the safety of any other person or to the community," and that the Court's determination is in line with "the factors set forth in 18 U.S.C. § 3553(a)."[44] Petitioner bears the burden to establish circumstances exist under which she is eligible for a sentence reduction under § 3582(c)(1)(A)(i).[45]

The Court first considers Petitioner's argument that she is entitled to a reduction in her sentence because she has Petitioner is an "asthma patient that is most susceptible to die [from COVID-19]."[46] As a threshold matter, it is not clear that Petitioner actually has asthma. As the Government points out, the "physical condition" section of the PSR issued on December 6, 2017[47] does not mention Petitioner suffers from asthma "nor

---

not just BOP, to bring a motion that extraordinary and compelling reasons warrant a reduction in the defendant's sentence, U.S.S.G § 1B1.13 cmt. n.1(D) still only permits BOP to determine what constitutes "extraordinary and compelling reason[s]." *See, e.g.*, *United States v. Overcash*, 3:15-cr-263-FDW-l, 2019 WL 1472104, at *2 (W.D.N.C. Apr. 3, 2019) ("The Court agrees that § 1B1.13 now conflicts with § 3582 insofar as a defendant is now able to request a sentence reduction upon a defendant's own motion rather than having to rely on the BOP Director."). As a result, there is some dispute as to which, if any, policy and program statements should apply. *See, e.g.*, *United States v. Brown*, 2019 WL 4942051, at *4 (S.D. Iowa Oct. 8, 2019); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019). In light of this conflict, some courts have held: "the only way direct motions to district courts would increase the use of compassionate release is to allow district judges to consider the vast variety of circumstances that may constitute 'extraordinary and compelling.'" *Brown*, 2019 WL 4942051, at *3. The Government agrees with this position. In its opposition, the Government provides: "In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well." R. Doc. 193 at 4 n.1. Even assuming the BOP policy statement applies Petitioner's motion for compassionate release, she nevertheless has failed to establish "extraordinary and compelling reasons" for a sentence reduction.
[44] *Id*. at § 1B1.13(2) & cmt. n.4.
[45] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").
[46] R. Doc. 187 at 7.
[47] R. Doc. 128 at 6.

tak[es] any medication for such."[48] Rather, as Petitioner's BOP medical records reveal, on March 12, 2020, while being screened for COVID-19, Petitioner reported she had asthma. [49] On April 9, 2020, Petitioner was seen by a medical provider after she complained she needed an inhaler for her asthma. On that date, she was prescribed Albuterol.[50]

Assuming Petitioner has asthma, she still cannot demonstrate this condition qualifies under either category of "medical condition" constituting an "extraordinary and compelling" reason for a reduction in sentence. Under the first category, the defendant must be "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)."[51] "Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia."[52] Plaintiff's generic asthma condition is clearly not on par with the examples of "serious and advanced illness[es]" listed in the policy statement. Under the second category, the defendant must be suffering from a serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[53] Petitioner does not allege, nor is there any evidence in the record indicating, that she cannot provide herself with care nor that she is expected to not recover from the condition. As other courts have recognized, "a generalized claim of asthma is not a sufficiently extraordinary and compelling reason for

---

[48] R. Doc. 193 at 2.
[49] R. Doc. 193-2 at 59 (sealed).
[50] *Id.* at 1-3.
[51] U.S.S.G. § 1B1.13, cmt. n.1(A)(i).
[52] *Id.*
[53] *Id.* § 1B1.13, cmt. n.1(A)(ii).

10

a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)."[54] Because Plaintiff has done nothing more than allege a generalized claim of asthma, she has not carried her burden of show circumstances meeting either medical condition standard for compassionate release.

The Court next considers Petitioner's argument that she is entitled to a reduction in her sentence so she can "go and take care of her aging mother, and elderly step father and disabled daughter."[55] Petitioner previously raised this precise argument in her September 26, 2019 Motion to Reduce Sentence.[56] The Court rejected this argument as meritless in its December 27, 2019 Order and Reasons.[57] With respect to family members, the policy statement provides "extraordinary and compelling" circumstances warranting a reduction in sentence may be found due to: (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[58] Although the policy statement references a defendant's "spouse" and not their "parent," other courts have held the category may also apply to a defendant's parents, "[w]hen a defendant is the 'only available caregiver' for an incapacitated parent," which is "a more unique occurrence given that inmates may have siblings or other family members able to care for their

---

[54] *United States v. Howell*, No. 3:17-cr-151 (SRU), 2020 WL 2475640, at *4 (D. Conn. May 12, 2020) (citing *United States v. Washington*, 2020 WL 1969301, at *4 (W.D.N.Y. Apr. 24, 2020)).
[55] R. Doc. 187 at 13.
[56] R. Doc. 165 at 19-20.
[57] R. Doc. 169.
[58] U.S.S.G. § 1B1.13, cmt. n.1(C)(i)-(ii).

11

parents)" and, moreover, the parent must truly be incapable of caring for themselves because "[m]any, if not all inmates, have aging and sick parents."[59]

As this Court explained in its December 27, 2019 Order and Reasons, Petitioner has not established "extraordinary and compelling" circumstances warranting a reduction in her sentence so that she may care for her daughter because:

> Petitioner has not presented evidence that her reasons are extraordinary and compelling . . . [due to the recognized reason of] the death or incapacitation of the caregiver of the defendant's minor child . . ., as Petitioner fails to specify her child's age in her motion. However, a review of the record quickly debunks the applicability of the third explicitly-defined reason. According to the "Personal and Family Data" section of the Presentence Investigation Report ("PSR") issued on December 6, 2017, Petitioner has two children, who were 30 and 32 at that time. According to the PSR, Petitioner reported one of her children has a "learning disability." As a result . . . Petitioner does not have any minor children.[60]

The Court further held Petitioner has not established "extraordinary and compelling" circumstances warranting a reduction in her sentence so that she may care for her parents because:

> [T]here is no indication Petitioner is the only potential caregiver for her mother [or stepfather]. Rather, the PSR indicates Petitioner has multiple other family members who are potential caregivers. Moreover, the PSR indicates Petitioner's mother was elderly and had ailing health before she was sentenced. Thus, there has been no new change in circumstances that might now warrant Petitioner's early release.[61]

Petitioner does not allege any new change in circumstances altering the Court's previous ruling rejecting her argument that "extraordinary and compelling" circumstances justify reducing her sentence so that she may take care of her parents and

---

[59] *Bucci*, 2019 WL 5075964 at *2 (citing *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2, 2019 LEXIS 118304, at *4-5 (S.D. Ohio July 16, 2019)).
[60] R. Doc. 169 at 9 (internal footnotes, quotation marks, and brackets omitted).
[61] *Id*. at 11 (internal footnotes omitted) (contrasting Petitioner's case with *Bucci*, *supra*, in which the district court found "'extraordinary and compelling reason' for compassionate release" because the defendant was the "only available caregiver" for "an incapacitated parent").

12

daughter. As a result, Petitioner has not carried her burden of show circumstances meeting either family condition standard for compassionate release.

## II.     Petitioner's Request for Release to Home Confinement is Denied

In addition to requesting a reduction in her sentence pursuant to § 3582(c)(1)(A),[62] Petitioner also requests immediate release to home confinement. She references the following statutes as those under which she seeks home confinement relief: 18 U.S.C. § 3624(c),[63] 18 U.S.C. § 3622,[64] and § 12003(b)(2) of the CARES Act.[65]

District courts may reduce a prison sentence only as permitted by specific statute or rule.[66] Section 3624(c) provides, in pertinent part: "[t]he *Bureau of Prisons* shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph."[67] Simply put, "Congress has not amended § 3624 to authorize reduction of a sentence as requested in defendant's motion."[68] As a result, the Court lacks authority to grant Petitioner relief under § 3624(c).

---

[62] The Court acknowledges that, if a court finds a petitioner has satisfied the requirements for compassionate release, including the mandatory exhaustion requirements of § 3582(c)(1)(A), and grants a sentence reduction, the court may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). In imposing a term of supervised release, the court may impose a period of home confinement as a condition, provided the court finds home confinement is a "substitute for imprisonment." U.S.S.G. § 5F1.2; *see* 18 U.S.C. § 3583(d). As a "substitute for imprisonment," this supervised release term substitutes only for the term of imprisonment, to be followed by the original term of supervised release imposed at sentencing. Alternatively, upon finding a petitioner has satisfied the compassionate release statute, including the mandatory exhaustion requirements of § 3582(c)(1)(A), the court may consider reducing the petitioner's term of imprisonment to time-served and modifying the existing term of supervised release to add a period of home confinement. *See* U.S.S.G. § 5F1.2; 18 U.S.C. § 3583(e)(2). To the extent Petitioner seeks home confinement under § 3582(c)(1)(A), this request is denied, for the same reasons her request for a reduction in her sentence under § 3582(c)(1)(A) is denied.
[63] R. Doc. 187 at 7.
[64] *Id.* at 11.
[65] *Id.* at 21.
[66] *See* Fed. R. Crim. P. 35.
[67] 18 U.S.C. § 3624(c)(2).
[68] *United States v. Arguijo-Cervantes*, No. 07–CR–247, 2010 WL 519853, at *1 (E.D. Wis. Feb. 10, 2010) (citing *United States v. Velasco*, No. 99–CR–0066, 2009 WL 3424187, at *1 (N.D. Okla. Oct. 23, 2009);

13

The same is true of § 3622. Section 3621 provides "[t]he *Bureau of Prisons* shall designate the place of the prisoner's imprisonment"[69] and, pursuant to § 3622, "[t]he *Bureau of Prisons* may release a prisoner from the place of his imprisonment for a limited period," under certain circumstances.[70] As a result, "BOP has exclusive authority to determine where a prisoner is housed and the terms of a prisoner's pre-release custody."[71] Because Petitioner seeks release to home confinement, his initial remedy is by administrative action within BOP. Following exhaustion, the proper vehicle to challenge BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241.[72] A challenge to an administrative decision of BOP pursuant to 28 U.S.C. § 2241 must be filed in the district where Petitioner is incarcerated. Petitioner is currently incarcerated in Aliceville, Alabama.[73] Thus, any such motion must be brought in the United States District Court for the Northern District of Alabama, which encompasses Aliceville, Alabama. This Court, however, lacks authority to grant Petitioner relief under § 3622.

The Court similarly lacks authority to grant Petitioner relief under § 12003(b)(2) of the CARES Act. As this Court has previously explained:

> Petitioner does not have a right to seek relief under § 12003(b)(2) of the CARES Act if he does not obtain the relief he seeks from BOP. Section 3582(c)(1)(A) contains language specifically creating an opportunity for a prisoner to seek a reduction in his sentence from the Court: "the court, . . . *upon motion of the defendant* . . . .may reduce the term of imprisonment

---

*United States v. Willis*, No. 04–CR–190, 2007 WL 2703019 (E.D. Wis. Sept. 12, 2007) (noting that the sentencing court lacks authority to order pre-release under § 3624(c))).
[69] 18 U.S.C. § 3621(b) (emphasis added).
[70] 18 U.S.C. § 3622 (emphasis added).
[71] *United States v. Baptiste*, Crim. Action No. 07-330, 2020 WL 2495753, at *2 (E.D. La. May 14, 2020) (citing 18 U.S.C. § 3621(B); *United States v. Snead*, 63 F.3d 281, 389 n. 6 (5th Cir. 1995) (declining to address the defendant's request that he be allowed to serve the remainder of his sentence on home confinement because "such requests are properly directed to the Bureau of Prisons"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) (sentencing court "may recommend that a sentence imposed under section 3621 be served in a particular prison or jail," but "only the Bureau of Prisons has the actual authority to designate the place of incarceration")).
[72] *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).
[73] R. Doc. 116 at 4.

(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)[.]." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). By contrast, § 12003(b)(2) does contain such statutory authorization. Without such statutory authorization, the Court lacks authority to move a prisoner from prison to home confinement.[74]

Other courts have reached similar conclusions. For instance, in *United States v. Dudley*, the United States District Court for the Western District of North Carolina explained:

> Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates.[75]

As a result, the Court must deny Petitioner's request for release to home confinement, as this Court lacks authority under all of the aforementioned statutes to order BOP to transfer Petitioner to home confinement. Further, and in any event, because "BOP has decided to place [Petitioner] on Home Confinement for the duration of her term,"[76] Petitioner's request for release to home confinement is moot.[77]

## CONCLUSION

**IT IS ORDERED** that Petitioner's Motion for Reconsideration[78] of the Court's April 24, 2020 Order and Reasons[79] is **DENIED**.

---

[74] *United States of America v. Mogan*, Crim. Action No. 14-040, 2020 WL 2558216, at *2 n.12 (E.D. La. May 20, 2020).
[75] Civil Action No. 5:97-CR-00001-KDB, 2020 WL 2513681, at *2 (W.D. N.C. May 15, 2020).
[76] R. Doc. 193 at 7.
[77] The Government agrees Petitioner's argument for home confinement has been rendered moot. R. Doc. 193 at 7.
[78] R. Doc. 186.
[79] R. Doc. 185.

**IT IS FURTHER ORDERED** that Petitioner's Emergency Motion for Compassionate Release and Motion for Reduction in Sentence[80] is **DENIED**.

**New Orleans, Louisiana, this 28th day of May, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[80] R. Doc. 187.